No. 22083.

EARL WESLEY SCHEIDT *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(422 P.2d 628)

Decided January 23, 1967.

SHELDON W. GREENE, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,
Deputy, JAMES W. CREAMER, JR., Assistant, for defend-
ant in error.

*In Department.*

PER CURIAM.

Plaintiff in error, hereinafter referred to as Scheidt, was found not guilty by reason of insanity of the crime of burglary and was committed to the State Hospital at Pueblo in 1961.

■ On August 26, 1964, the superintendent of the hospital informed the trial court that the defendant was no longer insane and was eligible for discharge. Proceedings followed under provisions of C.R.S. 1963, 39-8-4 (3). The physicians who testified agreed that Scheidt was not then insane. However, they were unanimous in their opinions that he had not recovered fully from his mental affliction and if released he should remain under supervision and treatment.

Scheidt unqualifiedly took the position that if he was to be placed under "probationary terms and conditions" (which the trial court had discretion to impose under the statute) then he wanted to be returned to the custody of the state hospital.

In disposing of the matter the trial court found and decreed, *inter alia:*

"THE COURT FINDS upon a review of the medical reports and testimony adduced at the hearing held on December 4, 1964, that the Defendant is not entitled to his discharge or probationary release; and, accordingly, the Court denies the discharge or probationary release of the Defendant.

\* \* \*

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that in the opinion of the Court the Defendant has not satisfied the Court as to his sanity nor is the Defendant at this time subject to discharge or probationary release."

We cannot say that under the peculiar circumstances of this case the findings of the trial court were erroneous as a matter of law. The judgment accordingly is affirmed.

Announcement approved by MR. CHIEF JUSTICE MOORE,

Mr. Justice McWilliams, Mr. Justice Pringle and Mr. Justice Kelley.